**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| WHITE BUFFALO CONSTRUCTION, INC., an Oregon corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant.* | **MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE WITH CASE NOS. 99-961C AND 00-415C**<br><br>**No. 07-738C**<br><br>**Senior Judge Loren A. Smith** |

Plaintiff White Buffalo Construction, Inc. ("WBC") has moved the Court to consolidate new actions No. 07-738C with previously consolidated action Nos. 99-961C and 00-415C. Based on the authority below, consolidation should be granted.

## I. ARGUMENT

### A. Standards for Consolidation

Consolidation is authorized under CFC Rule 42(a) of "actions involving a common question of law or fact." Consolidation of actions brought under the Contract Disputes Act (the "CDA") additionally is authorized "for the convenience of parties or witnesses or in the interests of justice." 41 U.S.C. § 609(8).

To determine whether consolidation of claims is appropriate, the Court must weigh the interest of judicial economy against the potential for delay, confusion and prejudice that may result from consolidation. *Cienega Gardens v. United States*, 62 Fed. Cl. 28, 31 (2004) (citing *Karuk Tribe of Cal. v. United States*, 27 Fed. Cl. 429, 433 (1993)). Consolidation prevents separate actions from producing conflicting results, which can occur when both cases require judicial determinations of the same facts. *Karuk Tribe*, 27 Fed. Cl. at 433. The Court has broad discretion to determine whether consolidation is appropriate. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). In making its determination, the Court must consider

> "[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple trial alternatives."

*Id.* at 1285 (quoting *Arnold v. Eastern Air Lines, Inc*., 681 F.2d 186, 193 (4th Cir. 1982)).

Where common questions of law or fact are involved and consolidation would avoid unnecessary costs, consolidation is encouraged. *Cienega Gardens*, 62 Fed. Cl. at 32 (citing *Johnson v. Mississippi Valley Barge Line Co*., 34 F.R.D. 140, 142 (W.D. Pa.1963)). "Consolidation can be ordered despite opposition by the parties." *Id.* (citing *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc*., 712 F.2d 978, 989 (5th Cir. 1983); *Midwest Cmty. Council, Inc. v. Chicago Park Dist*., 98 F.R.D. 491, 500 (N.D. Ill.1983)). Thus the Court will consider the parties' positions in its analysis but will not accord the parties' views dispositive weight. *Id.*

**B. The Standards for Consolidation Are Established Here**

Existing consolidated actions Nos. 99-961C and 00-415C arise respectively out of defendant's December 1998 default termination of, and subsequent imposition of, liquidated damages against WBC in connection with WBC's performance of a contract involving road construction. WBC had been awarded Contract No. DTFH70-98-C-0027 by the Federal Highway Administration ("FHA") to perform certain road and related construction within the Siskiyou National Forest located in Oregon.

New action 07-738C also arises out of WBC's performance, and the government's conduct under, this very same contract, augmented by additional facts pertaining to that contract. On January 14, 2004, the government announced that it had decided to convert the default to a termination for its convenience. At the time, trial of cases Nos. 99-961C and 00-415C was set

for April 2004. Coupled with its announcement, the government also directed WBC to submit a convenience-termination settlement proposal. The government further acknowledged its understanding "that White Buffalo intends to reserve whatever rights, if any, it has to claim lost profits on uncompleted work and other damages at the time it submits its termination for convenience settlement proposal." (Defendant's Motion to Dismiss, No. 99-861 (consolidated with 00-415), January 20, 2004.) WBC subsequently submitted both its convenience settlement proposal and claim for lost profits.

Action No. 07-738C arises out of the government's August 30, 2007 denial of WBC's claims for (1) certain of the claims for cost reimbursement sought through the termination settlement proposal and (2) lost profits. New action 07-738C consequently shares with existing consolidated actions Nos. 99-961C and 00-415C common questions of fact and law. Common questions arise particularly with respect to the government's conduct under the same contract toward the same contractor, including the government's actions in first terminating the contract for default, then seeking to convert that termination to one for its convenience.

## II. CONCLUSION

The actions should be consolidated.

DATED: October 26, 2007.

STOEL RIVES LLP

/s/ Richard E. Alexander

Richard E. Alexander, OSB No. 69002
Attorneys of Record for
White Buffalo Construction, Inc.
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204-1268
Telephone: (503) 224-3380
Facsimile: (503) 294-9167