IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WHITE BUFFALO CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-738C |
| | ) | (Senior Judge Smith) |
| | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE

Pursuant to the Court's November 7, 2007 order, defendant, the United States, respectfully submits this response to the request of plaintiff, White Buffalo Construction, Inc. ("White Buffalo"), to consolidate this case with Case Nos. 99-961C (Fed. Cl.) and 00-415C (Fed. Cl.). The Court should deny that request.

Two inquiries are required to determine whether consolidation should be granted: whether a "common question of law or fact" exists in both cases, and whether considerations regarding "the interest of judicial economy" outweigh "the potential for delay, confusion and prejudice that may result from consolidation." AT & T Corp. v. United States, 69 Fed. Cl. 675, 676 (Fed. Cl. 2006). The result of those inquiries is that the Court should deny consolidation.

First, no common questions "exist" between this case on the one hand, and Case Nos. 99-961C and 00-415C on the other. A final decision by a contracting officer is a jurisdictional prerequisite to maintaining a Contract Disputes Act suit such as

this in this Court. Bath Iron Works Corp. v. United States, 20 F.3d 1567, 1578 (Fed. Cir. 1994). The only merits issue upon which the Court could grant relief in Case No. 99-961C was the conversion of the termination of White Buffalo's contract into one for the convenience of the Government; that is because the only contracting officer's final decision from which White Buffalo appealed in that case was (Compl. Case No. 99-961C ¶ 3) the December 1, 1998 decision (App. 1) terminating the contract for default. See Bath Iron Works, 20 F.3d at 1578. The only merits issue upon which the Court could grant relief in Case No. 00-415C was the assessment of liquidated damages; that is because the only contracting officer's final decision from which White Buffalo appealed in that case was (Compl. Case No. 00-415C ¶ 3) the April 20, 2000 decision (App. 5-6) assessing those damages. See Bath Iron Works, 20 F.3d at 1578.

Neither of those issues still exists. In January 2004, the Government converted the termination for default into one for convenience (App. 7-8), and returned the liquidated damages (see App. 9-10). Consequently, there are no existing questions that are common to this case and Case Nos. 99-961C and 00-415C.

Second, both the interest of judicial economy and the potential for delay, confusion, and prejudice that may result from consolidation weigh in favor of denying White Buffalo's request. Because the issues in Case Nos. 99-961C and 00-415C no

longer present an actual case or controversy, Case Nos. 99-961C and 00-415C are moot. See Morton Int'l, Inc. v. Cardinal Chem. Co., 967 F.2d 1571, 1574 (Fed. Cir. 1992). It is not in the interests of judicial economy to consolidate a moot case with a live one; indeed, the only authority a court possesses with respect to a moot case is to dismiss it. See id. Consolidation of this case with Case Nos. 99-961C and 00-415C would only delay the judicial resolution of the issues in Case Nos. 99-961C and 00-415C, and would require the parties and the Court to revisit the mootness question pursuant to a motion to dismiss specific claims in a newly-consolidated case.

Consolidation also raises the potential for confusion and prejudice to the Government; particularly with respect to the issue of attorney fees and costs. Because the Government voluntarily converted the contacted termination and voluntarily returned the liquidated damages, White Buffalo is not entitled to attorney fees and costs incurred in those cases. See Brickwood Contractors, Inc. v. United States, 288 F.3d 1371, 1381 (Fed. Cir. 2002). However, if the Court consolidates these cases, White Buffalo might argue that the consolidated case should not be segregated into separate issues or claims for purposes of analysis of any application for fees and costs. See Design and Production, Inc. v. United States, 20 Cl. Ct. 207, 214-15 (1990). Denying consolidation would require White Buffalo to seek

attorney fees and costs incurred in Case Nos. 99-961C and 00-415C upon the merits of those cases alone. Furthermore, consolidation is not necessary for White Buffalo to seek attorney fees and costs incurred in Case Nos. 99-961C and 00-415C, see Rule 54(d) of the Rules of the United States Court of Federal Claims, and the question of attorney fees should not be considered a reason to consolidate. See Chapman Law Firm Co. v. Greenleaf Constr. Co., 490 F.3d 934, 939 (Fed. Cir. 2007) ("the availability of EAJA fees is not an appropriate consideration for a court when determining how to dispose of a case").

For the foregoing reasons, we request that the Court deny the request to consolidate this case with Case Nos. 99-961C and 00-415C.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Todd M. Hughes
TODD M. HUGHES
Deputy Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

November 13, 2007 Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2007, a copy of the foregoing Defendant's Response To Plaintiff’s Motion To Consolidate was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail