APPENDIX TO DEFENDANT'S
RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE

# INDEX TO APPENDIX

PAGE(S)

Letter of William L. Parsons, Contracting Officer, Federal Highway Administration, to Luther L. Clevenger, President, White Buffalo Construction Inc., Dec. 1, 1998. . . . . . . . . . 1

Letter of William L. Parsons, Contracting Officer, Federal Highway Administration, to Luther L. Clevenger, President, White Buffalo Construction Inc., Apr. 20, 2000.. . . . . . . . . 5

Letter of William L. Parsons, Contracting Officer, Federal Highway Administration, to Luther L. Clevenger, White Buffalo Construction Inc., Jan. 15, 2004.. . . . . . . . . . . . . . . . 7

Letter of Nancie K. Pruitt, Legal Program Assistant, Federal Highway Administration, to Tim McIlmail, Department of Justice, Mar. 26, 2004.. . . . . . . . . . . . . . . . . . . . . . 9

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

WESTERN FEDERAL LANDS HIGHWAY DIVISION
610 EAST FIFTH STREET
VANCOUVER, WASHINGTON 98661-3893

U.S. Department
of Transportation

Federal Highway
Administration

| CONCURRENCES |
|---|
| SIGNATURE |
| DATE 12/1/9 |
| SIGNATURE |
| DATE |
| SIGNATURE |
| DATE |
| SIGNATURE |
| DATE |
| SIGNATURE |
| DATE |

December 1, 1998
In Reply Refer to:
HPA-17.13
tford_wb.182

Attn: Luther L. Clevenger, President
White Buffalo Construction
PO Box 1310
Aumsville, Oregon 97325

Dear Mr. Clevenger:

Notice of Termination for Default
OR FS ERFO 97-18(2)
Siskiyou N.F., FDR 33 (MP 44.5 - MP 47.3)
FDR 3347, FDR 3347020
<u>Contract Number DTFH70-98-C-00027</u>

You are hereby notified that Contract Number DTFH70-98-C-00027 (hereafter referred to as "the contract") dated August 20, 1998 is terminated completely for default under the contract clause entitled 52.249-10, DEFAULT (FIXED-PRICE CONSTRUCTION)(APRIL 1984).

The termination is effective immediately upon receipt of this "Notice."

In accordance with subdivision (a) of the Default clause, White Buffalo is in default due to:

(1) Failure to complete the work on FDR 33 to subgrade between MP 46.2 to 46.7 and MP 47.07 to 47.25 by November 30, 1998, as required by the contract, SCR 108.01(b),

(2) Failure to prosecute the work with the diligence that will ensure the completion of all repairs up to subgrade and placement of at least 100 mm aggregate base by January 23, 1999, as required by the contract, SCR 108.01(b),

(3) Failure to prosecute the work with the diligence that will ensure opening FDR 33 to public traffic by January 24, 1999, as required by the contract, SCR 108.01(b),

(4) Failure to comply with the following contract requirements -
(a) FAR 52.222-6, Davis-Bacon Act,

OFFICIAL FILE COPY

(b) FAR 52.222-8, Payrolls and Basic Records,

(c) FAR 52.236-5, Material and Workmanship,

(d) FAR 52.236-6, Superintendence by the Contractor,

(e) FAR 52.236-9, Protection of Existing Vegetation, Structures, Equipment, Utilities, and Improvements,

(f) FAR 52.236-15, Schedules for Construction Contracts,

(g) FAR 52.246-12, Inspection of Construction,

(h) FP-96, §107.01, Laws to be Observed, as amended by SCR §107.01,

(i) FP-96, §107.02, Protection and Restoration of Property and Landscape,

(j) FP-96, §153, Contractor Quality Control, as amended by SCR §153,

(k) FP-96, §154, Contractor Sampling and Testing, as amended by SCR §154,

(l) FP-96, §155, Schedules for Construction Contracts, as amended by SCR §155,

(m) SCR §156.06, (l) Limitations on Construction Operations,

(n) SCR §204.06, Roadway Excavation, (d) Rock Cut at FDR 33, MP 46.7,

(0) FP-96, §205, Rock Blasting, as amended by SCR §205.

Your right to proceed further under the contract is terminated. Take the following steps regarding cessation of work and notification to immediate subcontractors:

(1) Stop all work and place no farther orders relating to the contract.

(2) Keep adequate records of your compliance with the above subparagraph (1) showing -

(i) Date you received the Notice of Termination; and

(ii) Extent of completion of performance on the effective date.

(3) Furnish notice of termination to each immediate subcontractor and supplier that will be affected by this termination. In the notice -

(i) Specify your Government contract number;

(ii) State whether the contract has been terminated completely or partially;

(iii) Provide instructions to stop all work, make no further shipments, place no further

orders, and terminate all subcontracts under the contract.

The construction work terminated may be reprocurred against White Buffalo's account and White Buffalo will be held liable for any excess costs.

This notice of termination constitutes my determination and decision that the failure to perform is not excusable, however, White Buffalo has the right to appeal this decision under the Disputes clause, FAR 52.233-1 DISPUTES (OCT 1995) ALTERNATE 1 (DECEMBER 1995).

The Government reserves all rights and remedies provided by law or under the contract, in addition to charging excess costs.

This notice constitutes a decision that White Buffalo is in default as specified and that the contractor has the right to appeal under the Disputes clause.

If this termination, together with other outstanding terminations, will necessitate a significant reduction in your work force, you are urged to -

(i) Promptly inform the local State Employment Service of your reduction-in-force schedule in numbers and occupations, so that the Service can take timely action in assisting displaced workers;

(ii) Give affected employees maximum practical advance notice of the employment reduction and inform them of the facilities and services available to them through the local State Employment Service offices;

(iii) Advise affected employees to file applications with the State Employment Service to qualify for unemployment insuranceif necessary:

(iv) Inform officials of local unions having agreements with you of the impending reduction-in-force; and

(v) Inform the local Chamber of Commerce and other appropriate organizations which are prepared to offer practical assistance in finding employment for displaced workers of the impending reduction-in-force.

(vi) If practical, urge subcontractors to take similar actions to those described in subparagraphs (i) through (v) above.

Please acknowledge receipt of this notice as provided below.

William L. Parsons

William L. Parsons
Contracting Officer

Western Federal Lands Highway Division
Federal Highway Administration

ACKNOWLEDGMENT OF NOTICE

The undersigned acknowledges receipt of a signed copy of this notice of Termination for Default of Contract No. DTFH70-98-C-00027 on _______________, 19____. Two signed copies of this notice are returned.

______________________________________
(Name of contractor)

By ______________________________________
(Name)

______________________________________
(Title)

(End of notice)

cc: Insurance Company of the West (Surety)
8050 SW Warm Springs Street, #140
Tualatin, OR 97062-0369

SBA, Seattle Regional Office

H. Crockett, w/notice
P. Rettinger, w/notice
S. Aftab, w/notice
T. Breneman, (e-mail)
E. Hammontree (e-mail)
B. Chon (e-mail)
M. Hildreth (e-mail)
T. Craig (e-mail)
~~S. Craven (e-mail)~~
~~H. Peifer (e-mail)~~
C. Story (e-mail)
G. Thomas, USFS, Region 6
R. O'Leary, USFS, Siskiyou National Forest
C. Linderman, USFS, Siskiyou National Forest
C. Jacoby (e-mail)
T. Hildreth (e-mail)
J. Zotter (e-mail)
J. Trafalis (e-mail)

FILE — TERMINATION FOR DEFAULT FOLDER

WESTERN FEDERAL LANDS HIGHWAY DIVISION
610 EAST FIFTH STREET
VANCOUVER, WASHINGTON 98661-3893

**U.S. Department of Transportation**

**Federal Highway Administration**

April 20, 2000

In Reply Refer to:
HPA-17.13
COD_LD.wpd

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Mr. Luther L. Clevenger, President
White Buffalo Construction, Inc.
P.O. Box 1310
Aumsville, OR 97325

Dear Mr. Clevenger:

Project No. OR FS ERFO 97-18(2)
Siskiyou N.F., FDR 33, FDR 3347, FDR 3347020
Contract No. DTFH70-98-C-00027

This is in response to your letter of December 21, 1999 requesting a final decision by the Contracting Officer on the liquidated damages for the referenced contract.

On November 5, 1999, by a letter to the surety, the Government assessed liquidated damages for the interim completion date of $101,200 based on 253 days at $400 per day. We have reviewed the matter and the issues raised in your letter. It is our final determination that the liquidated damages for the interim completion date are $101,200 based on 253 days at $400 per day.

This is a final decision of the Contracting Officer. You may appeal this decision to the Department of Transportation Board of Contract Appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the Board of Contract Appeals addressed as follows:

The Honorable Thaddeus V. Ware
Chairman, Board of Contract Appeals
Office of the Secretary
Department of Transportation
400 Seventh Street, S.W.
Washington, DC 20590

In addition, you must provide a copy of your notice of appeal to the Contracting Officer from whose decision the appeal is taken. The notice shall indicate that an appeal is intended, reference this

decision, and identify the contract by number. Instead of appealing to the Board of Contract Appeals, you may bring an action directly in the United States Court of Federal Claims within 12 months of the date you receive this decision.

Sincerely,

/s/ WILLIAM L. PARSONS

William L. Parsons
Contracting Officer

CC: Insurance Company of the West (Surety)

U.S. Department of Transportation
Federal Highway Administration

WESTERN FEDERAL LANDS HIGHWAY DIVISION
610 EAST FIFTH STREET
VANCOUVER, WA 98661-3801
(360) 619-7700 FAX: (360) 619-7846

January 15, 2004

**Certified Mail - Return Receipt Requested**

Mr. Luther Clevenger
White Buffalo Construction, Inc.
6653 Shaw Highway SE
Aumsville, OR 97325

Re: OR FS ERFO 97-18(2)
Contract No. DTFH70-98-C-00027

Dear Mr. Clevenger

This is a Final Contracting Officer's Decision converting the termination for default into a termination for the convenience of the Government and accordingly releasing the one hundred thousand dollars ($100,000.00) in withheld liquidated damages and terminating the claim for an additional twelve hundred dollars ($1,200.00) previously made.[1]

Because the default termination is to be treated as a convenience termination, the effective date of this conversion is December 3, 1998, the date the prior termination for default became effective. The termination constitutes a complete termination of the contract.

White Buffalo should submit its settlement proposal in accordance with FAR Clause 52.249-2 and FAR Subpart 49.2. White Buffalo shall submit such proposal to me within six (6) months of the date of this letter.

## DECISION

The Government hereby converts the December 1, 1998 Termination for Default into a Termination for the Convenience of the Government. The effective date of the Termination remains December 3, 1998. Liquidated damages, assessed against White Buffalo are hereby rescinded. The one hundred thousand dollars of liquidated damages ($100,000.00) withheld from White Buffalo will be paid to the contractor, together with interest from December 22,

[1] The Government withheld $100,000 in liquidated damages. The Government later adjusted the amount of liquidated damages to $101,200 based on 253 days at $400 per day. Because the Government, at the time of the adjustment, no longer had funds due the contractor, the Government requested the surety to pay the additional sum of $1,200.00. The surety declined to pay this amount. This decision releases any continuing claim for the additonal $1,200.00 and releases the $100,000.00 previously withheld. White Buffalo's December 21, 1999 request to the contracting officer was for the return of the $100,000.00 and did not address the additional $1,200.00 previously requested by the Government. As such the request was not required to be accompanied by a certification and in fact was not so accompanied.

BUCKLE UP AMERICA

1999. White Buffalo shall submit a settlement proposal to me within six (6) months of the date of this letter.

This is the final decision of the Contracting Officer. This decision may be appealed to the Department of Transportation Board of Contract Appeals, 400 Seventh Street SW, Washington, D.C. 20590. If you decide to make such an appeal, you must mail or otherwise furnish written notice to the Board of Contract Appeals within 90 days from the date you receive this decision. A copy of the notice shall be furnished to the Contracting Officer from whose decision the appeal is taken. The notice shall indicate that an appeal is intended, should reference this decision, and identify the contract by number. With regard to appeals to the Department of Transportation Board of Contract Appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims $100,000 or less. In lieu of appealing to the Board of Contract Appeals, you may bring action directly in the United States Court of Federal Claims within 12 months of the date you receive this decision.

Sincerely,

William L Parsons

William L. Parsons
Contracting Officer

cc: Richard E. Alexander, Stoel Rives LLP, 900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Insurance Company of the West, 8050 SW Warm Springs Street, #140, Tualatin, OR 97062-0369
Art Hamilton, FLH Headquarters
Ronald Carmichael, WFL
Elizabeth Firestone, WFL
Robert Lale, WFL
Ricardo Suarez, WFL
Tim Binder, WFL
File

BUCKLE UP AMERICA

**U.S. Department of Transportation**
Federal Highway Administration
Western Federal Lands Highway Division
610 East Fifth Street
Vancouver, WA 98661-3801
(360) 619-7700 FAX: (360) 619-7846

March 26, 2004

Refer to: HFL-17
File: 4
#25559L_NKP

Mr. Tim Mc Ilmail
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

**SUBJECT: White Buffalo Construction, Inc. v. The United States**
**No. 99-961C**
**DTFH70-98-C-00027**
**OR FS ERFO 97-18(2)**

Dear Mr. Mc Ilmail:

Enclosed is a copy of Federal Highway Administration's invoice overview, which shows that payment was made to White Buffalo Construction. Tim Binder, Division Counsel, requested that I forward this document to you in hard copy because he did not think a faxed copy would be clear enough.

If you need anything further please let me know.

Sincerely yours,

Nancie K. Pruitt
Legal Program Assistant

Enclosure:
Invoice overview

cc: Tim Binder, Division Counsel, WFLHD

BUCKLE UP AMERICA

Invoice Overview (FEDERAL HIGHWAY ADMINISTRATION)

| | | | | | |
|---|---|---|---|---|---|
| Supplier | WHITE BUFFALO CONSTRUCT INC | | | Site | AUMSVILLE |
| Supplier Num | 930727378 | | | Taxpayer ID | 930727378 |
| Invoice Num | SETTLEMENT AGREEN | Type | Standard | Date | 22-JAN-2004 |
| Batch Name | WF04027003 | Currency | USD | Amount | 122,766.10 |
| Voucher | | | | Unpaid Amount | 0.00 |
| PO Number | 2504C7027FY980000 | Release | | Unapplied Amount | |
| Receipt Num | | | | Settlement Date | |

**Invoice Status**

| | |
|---|---|
| Paid | Yes |
| Accounted | Yes |
| Status | Validated |
| Approval | Not Required |

Description

| Active Hold | Reason |
|---|---|
| | |
| | |
| | |

**Scheduled Payments**

| Curr | Amount | Remaining | Due Date | Held |
|---|---|---|---|---|
| USD | 122,766.10 | 0.00 | 02-FEB-2004 | |
| | | | | |
| | | | | |

**Actual Payments**

| Paid By | Paid On |
|---|---|
| 338754 - Electro | 29-JAN-2004 |
| | |
| | |

Payment Overview | View Receipt | View PO | Supplier | Invoices