IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WHITE BUFFALO CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 99-961C |
| | ) | (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

For its answer to the complaint originally filed as Case No. 07-738C (Fed. Cl.) (now consolidated under Case No. 99-961C (Fed. Cl.)), defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits, but alleges that the official acronym for the Federal Highway Administration is "FHWA."

3. The allegations contained in paragraph 3 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. The allegations contained in the first sentence of paragraph 5 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of

fact, they are denied. Denies the allegations contained in the second sentence of paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. The allegations contained in paragraph 6 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegations contained in the first and third sentences of paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and third sentences of paragraph 7. Denies the allegations contained in the second sentence of paragraph 7.

8. The allegations contained in paragraph 8 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. Denies.

10. Denies.

11. Denies.

12. Denies.

13. Denies.

14. Denies the allegations contained in the first sentence of paragraph 14. Denies the remaining allegations contained in

paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Admits that a meeting was held on or about November 3, 1998, with Contracting Officer William Parsons and White Buffalo Construction, Inc. ("WBC") in Vancouver; denies the remainder of the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the cure notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits that Insurance Company of the West ("ICW") retained Kerr Contractors to perform some work on the project; denies the remainder of the allegations contained in paragraph 18.

19. Admits that FHWA was working with Kerr Contractors to address the slide issue at MP. 46.7 after the termination of WBC and admits that by December 7, 1998, Ms. Mickley, the Forest Service geologist, thought that the site was unsafe; denies the remainder of the allegations contained in paragraph 19.

20. Denies.

21. Admits that WBC filed a Freedom of Information Act request; denies the remainder of the allegations contained in paragraph 21.

22. Denies.

23. Admits.

24. Admits that FHWA did not pay any sums to WBC during the project; otherwise denies the allegations contained in paragraph 24.

25. Denies.

26. Admits that in June 1999, defendant paid ICW $102,319.00 for work performed by plaintiff, and that defendant retained $100,000.00 for liquidated damages incurred from January 24, 1999, through September 30, 1999; denies the remainder of the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the modifications cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 27.

28. Admits the allegations contained in the first and second sentences of paragraph 28 to the extent supported by the Completion Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 28. Denies the remaining allegations contained in paragraph 28.

29. Admits that FHWA accepted the project as complete, but alleges that the date was October 28, 1999.

30. Admits that FHWA opened FDR 33, FDR 3347, and FDR 3347020 to public travel; denies the remaining allegations contained in paragraph 30.

31. Admits that liquidated damages were assessed by FHWA for the period from January 24, 1999, until October 3, 1999, and admits that on or about November 1999, FHWA requested ICW to pay to FHWA an additional $1,200 in liquidated damages; denies the remaining allegations contained in paragraph 31.

32. Admits.

33. Admits the allegations contained in paragraph 33 to the extent supported by the request cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 34.

35. Admits the allegations contained in paragraph 35 to the extent supported by the final determination cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Admits.

37. Admits that in or about January 2004, FHWA converted the termination for default into a termination for the convenience of the Government, withdrew its claim for liquidated damages, and asked WBC to submit a settlement proposal; denies the remainder of the allegations contained in paragraph 37.

38. Admits the allegations contained in paragraph 38 to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39. Admits the allegations contained in the first four sentences of paragraph 39 to the extent supported by the revised proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first four sentences of paragraph 39. Denies the allegations contained in the fifth sentence of paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth.

40. Admits the allegations contained in paragraph 40 to the extent supported by the supplement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Admits the allegations contained in paragraph 41 to the extent supported by the proposal, supplement, and settlement cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 41.

42. Admits the allegations contained in paragraph 42 to the extent supported by the decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42.

43. The allegations contained in paragraph 43 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

44. The Government incorporates by reference its answers to paragraphs 38 through 41, above.

45. The allegations contained in paragraph 45 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

46. The allegations contained in paragraph 46 constitute conclusions of law and plaintiff’s characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

47. Admits the allegations contained in paragraph 47 to the extent supported by the August 30, 2007 contracting officer’s decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 47.

48. Admits the allegations contained in the first sentence of paragraph 48 to the extent supported by the proposal cited and the August 30, 2007 contracting officer’s decision, which are the best evidence of their contents; otherwise denies the allegations

contained in paragraph 48. Denies the allegations contained in the second sentence of paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the third sentence of paragraph 48 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

49. The Government incorporates by reference its answers to paragraphs 39 through 41, above.

50. The allegations contained in paragraph 50 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

51. The allegations contained in paragraph 51 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

52. The allegations contained in paragraph 52 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

53. The allegations contained in paragraph 53 constitute conclusions of law and plaintiff's characterization of its case,

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

54. The Government incorporates by reference its answers to paragraphs 39 through 41, above.

55. The allegations contained in paragraph 55 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57. Denies the allegations contained in the first sentence of paragraph 57. The allegations contained in the second sentence of paragraph 57 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

58. The allegations contained in paragraph 58 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

59. Denies that plaintiff is entitled to the relief requested in the "PRAYER" immediately following paragraph 58, or to any relief whatsoever.

60. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

1. Plaintiff's claims related to MP 46.2 and MP 46.7 are barred by the doctrine of accord and satisfaction.

2. The breach claims that plaintiff sets forth in its Second Claim For Relief, and any other claims for relief that accrued more than six years before their submission to the contracting officer, are barred by the statute of limitations set forth at 41 U.S.C. § 605(a).

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Todd M. Hughes
TODD M. HUGHES
Deputy Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

December 21, 2007

Attorneys for Respondent

Certificate of Filing

I hereby certify that on December 21, 2007, a copy of the foregoing Defendant's Answer And Affirmative Defenses was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail