# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

WHITE BUFFALO CONSTRUCTION, INC., an Oregon corporation,

*Plaintiff,*

v.

UNITED STATES OF AMERICA, by and through the Department of Transportation, Federal Highway Administration, Western Federal Lands Division,

*Defendant.*

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**No. 99-961C (Consolidated with Case Nos. 07-738C and 00-415C)**

**Senior Judge Loren A. Smith**

**Trial Date: August 4, 2008**
**Pretrial Conference: July 28, 2008**

**Electronically Filed July 10, 2008**

## I. INTRODUCTION

In pretrial discussions after the close of discovery, the government raised for the first time the issue of whether plaintiff White Buffalo Construction, Inc. ("White Buffalo") sought recovery of approximately $240,000 the Contracting Officer agreed it was owed on its termination settlement proposal. The government contended that the issue had not been properly framed by the pleadings. To avoid any lack of clarity, White Buffalo therefore moves to amend to add this undisputed amount to its claim and to clean up the pleadings on other relatively minor matters (*e.g.*, requesting interest under the Prompt Payment Act). The government indicated that it would not stipulate to the amendment and needed to evaluate White Buffalo's motion before deciding whether to oppose amendment.

White Buffalo's motion should be granted because the government will suffer no prejudice, and the amendment will make sure the pleadings properly frame the issues in the case.

## II. ARGUMENT

Pursuant to Fed. R. Civ. P. 15(a), leave to amend "lie[s] within the sound discretion of the trial court." *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). In exercising this

discretion, "a court must be guided by the underlying purpose of Rule 15—to facilitate decisions on the merits rather than on the pleadings or technicalities." *Id.* There is a "strong policy to permit an amendment of the pleadings." *Howey v. U.S.*, 481 F.2d 1187, 1190 (9th Cir. 1973). Hence, leave to amend should be freely granted when justice requires. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

This liberality to be exercised in favor of amendment is constrained only by a particular amendment's tendency to cause opposing parties undue prejudice, if it is sought in bad faith, or if it would represent an exercise of futility. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 184 (9th Cir. 1987). Here White Buffalo merely seeks to make sure the pleadings properly frame what is or is not in dispute and to make sure that it recovers the money to which the government agrees White Buffalo is entitled. There is no prejudice or other reason to deny the motion.

## III. CONCLUSION

White Buffalo respectfully moves the Court to allow it to file the proposed Amended Complaint in the form attached to its motion.

DATED: July 10, 2008.

STOEL RIVES LLP

/s/ Scott J. Kaplan

Richard E. Alexander, OSB No. 69002
Scott J. Kaplan OSB No. 913350
Attorneys of Record for
White Buffalo Construction, Inc.

Richard E. Alexander, Attorney of Record
Scott J. Kaplan, Attorney of Record
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204-1268
Telephone: (503) 224-3380
Facsimile: (503) 294-9167