# In the United States Court of Federal Claims

Nos. 99-961C, 00-415C, and 07-738C
(Consolidated)

(Filed:  August 3, 2015)

**************************************
\*
WHITE BUFFALO CONSTRUCTION, INC., \*
\*
             Plaintiff, \*
\*
v. \*
\*
THE UNITED STATES, \*
\*
             Defendant. \*
\*
**************************************

Construction Contract for Road Repairs in National Forest; Default Termination Converted to Termination for Convenience of the Government; Correction of Damages Following Remand.

*Richard E. Alexander*, Stoel Rives, LLP, Portland, Oregon, for Plaintiff.

*Heidi L. Osterhout*, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Steven J. Gillingham*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

OPINION AND ORDER ON REMAND

WHEELER, Judge.[1]

      In the fall of 1998, the Federal Highway Administration ("FHA") contracted with Plaintiff White Buffalo Construction, Inc. ("White Buffalo") to repair damaged roads in the Siskiyou National Forest, located in southwestern Oregon.  In December 1998, the FHA terminated the contract for default.  White Buffalo filed suit in this Court on November 30, 1999, challenging the default termination, and seeking conversion to a termination for the convenience of the Government.  White Buffalo filed a second suit on July 14, 2000 seeking the return of liquidated damages paid by White Buffalo's surety.  Prior to trial in these cases, the FHA, with authorization from the Department of Justice, converted White Buffalo's termination for default into a termination for convenience based on evidence

---

[1]  On June 5, 2015, Judge Wheeler received this case by transfer from Judge Lawrence J. Block.

reviewed during trial preparation.  White Buffalo maintained its 1999 and 2000 lawsuits, however, arguing that the conversion deprived it of relief under the Equal Access to Justice Act ("EAJA"), 28 U.S. § 2414, through which White Buffalo could have obtained attorneys' fees.  On October 22, 2007, White Buffalo filed a third lawsuit, to obtain lost profits on uncompleted work due to the FHA's alleged bad faith conduct and to challenge the amount of the termination settlement with the FHA.

This Court, with Senior Judge Loren A. Smith presiding, conducted a trial and issued a decision on September 22, 2011, finding that the 1999 and 2000 cases were moot due to the FHA's conversion of the termination for default into a termination for convenience.  The Court did not, however, dismiss those cases in its judgment.  The Court also found that the FHA did not act in bad faith toward White Buffalo, and thus the Court awarded no lost profits for uncompleted work.  The Court did award $353,237.36 plus interest to be paid on White Buffalo's termination for convenience claim.  However, the Court failed to include $29,528.00 in subcontractor damages in its final calculation due to a mathematical error.  See White Buffalo Constr., Inc. v. United States, 101 Fed. Cl. 1 (2011).

White Buffalo filed a notice of appeal of these consolidated cases on January 6, 2012.  On November 1, 2013, the U.S. Court of Appeals for the Federal Circuit issued its decision affirming in part, vacating in part, and remanding the case to this Court with directions.  White Buffalo Constr., Inc. v. United States, 546 Fed. App'x 952 (Fed. Cir. 2013).  On December 23, 2013, the Federal Circuit issued its mandate to this Court, with instructions to dismiss the 1999 and 2000 cases as moot, and to determine whether to award the missing $29,528.00 in damages.

The parties have agreed in a July 24, 2015 joint status report that the $29,528.00 in subcontractor damages were actually awarded by this Court but were not added to the original judgment.  The Court therefore awards the missing $29,528.00 in damages in case number 07-738C, and dismisses the cases docketed as 99-961C and 00-415C as moot.  The $29,528.00 in subcontractor damages should be added to the $352,237.36 previously awarded for a corrected total of $381,765.36, with interest to be recalculated by the parties in accordance with applicable law.  The Clerk is directed to issue an amended judgment reflecting this ruling.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge